# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| SIDNEY LYLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 06-4253-CV-C-NKL |
| | ) |
| COLUMBIA PUBLIC SCHOOL | ) |
| DISTRICT, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is Plaintiff's Motion for Leave to File *In Forma Pauperis* [Doc. # 1] and Plaintiff's Motion to Seal Case [Doc. # 2]. For the following reasons, Plaintiff's motions will be denied.

Pursuant to 28 U.S.C. § 1915(a), this Court may authorize commencement of a suit without prepayment of fees. The statute specifically provides that a court "may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit . . . that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The district court follows a two-step process in considering whether the applicant should be permitted to proceed *in forma pauperis*. First, the Court must determine whether the applicant qualifies by economic status under § 1915(a). *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). Second, the Court must determine whether the cause of action stated in the complaint is

1

frivolous or malicious.  28 U.S.C. § 1915(e)(2); *see also Martin-Trigona*, 691 F.2d at 857.

The opportunity to proceed *in forma pauperis* is a privilege rather than a right, and should not be used to abuse the court's process.  *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987).  Determining whether an applicant is sufficiently impoverished to qualify under § 1915 rests within the sound discretion of the trial court.  *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983), *cert. denied*, 466 U.S. 980 (1984).  A showing of poverty is sufficient if the applicant would be forced to give up the basic necessities of life if required to pay the costs of the lawsuit.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also* Local Rule 83.7.

Plaintiff has provided the Court with an unverified affidavit detailing his financial resources and standing.  Plaintiff is unemployed and has no real or personal property.  The affidavit paints a compelling picture.  But, Plaintiff's affidavit is fatally incomplete in two respects.  First, Plaintiff signed the affidavit but failed to have it verified by a notary public.  Section 1915 requires the *in forma pauperis* applicant to "[submit] an affidavit that includes a statement of all assets."  28 U.S.C. § 1915(a)(1).  By definition, an affidavit is "a statement reduced to writing and the truth of which is *sworn* to before someone who is authorized to administer an oath."  *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (emphasis in original) (citation omitted).  Thus, Plaintiff has failed to submit a verified affidavit for the Court to consider.  Second, even if Plaintiff had submitted a proper affidavit, he failed to indicate the amount of money he received in the

past 12 months from unemployment benefits. Because of these oversights, the Court concludes that Plaintiff has not satisfied the first prong. And, because Plaintiff has failed to demonstrate that he satisfies section 1915's poverty requirement, his Motion for Leave to File *In Forma Pauperis* is denied.

Plaintiff has also filed a Motion to Seal Case. In his motion, Plaintiff requests the case be filed under seal but gives no reason for the requested secrecy. "The courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306 (1978). The district court is granted supervisory power over its records, but "only the most compelling reasons can justify non-disclosure of judicial records." *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006) (citation omitted). Plaintiff has offered no reason why his case requires secrecy. Therefore, Plaintiff's Motion to Seal Case is denied.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's Motion for Leave to File *In Forma Pauperis* [Doc. # 1] is DENIED.

2. Plaintiff's Motion to Seal Case [Doc. # 2] is DENIED.

  s/ NANETTE K. LAUGHREY
NANETTE K. LAUGHREY
United States District Judge

3

Dated:  November 13, 2006
Jefferson City, Missouri

4