IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

SIDNEY LYLES,                               )
                                            )
            Plaintiff,                      )
                                            )
    v.                                      )        Case No. 06-4253-CV-C-NKL
                                            )
COLUMBIA PUBLIC SCHOOL                      )
DISTRICT, ET AL.,                           )
                                            )
            Defendants.                     )

## ORDER

*Pro se* Plaintiff Sidney Lyles ("Lyles") is suing Defendants Columbia Public

School District ("District"), Phyllis A. Chase, Mary A. Laffey and Debby Barksdale

(collectively, "Defendants"). Lyles alleges that he was injured by Defendants' unlawful

employment practices. Pending before the Court is Defendants' Motion For Partial

Dismissal For Failure To State A Claim Upon Which Relief Can Be Granted [Doc. # 14].

In the alternative, Defendants request an order requiring Lyles to file a more definite

statement of his claims. Defendants' Motion for Partial Dismissal is granted in part.

Defendants' Motion for More Definite Statement is denied.

## I.    Overview

In his Complaint, Lyles alleges that his employment was improperly terminated

and that Defendants discriminated against him when they did not reinstate him to his

previous position or hire him for vacant positions.

Lyles further alleges that

1

this action arises under the First, Fifth, Ninth, Thirteenth and Fourteenth
Amendments to the United States Constitution, 42 U.S.C. Sections
1981, 1983, 1985 and Title VII of the Civil Rights Act of 1964, 42
U.S.C. Section 2000e-5 as amended by the Civil Rights Act of 1991 and
Missouri Human Rights Act, RSMo. Sections 213.010, et seq. (MHRA).

(Complaint, ¶ 1).

And, Lyles indicates that his causes of action include

unlawful discharge, failure to hire, retaliation, civil conspiracy, hostile
environment, pattern or practice, violation of public policy, deprivation
of constitutional rights and privileges, failure to grant due process,
failure to grant equal protection, breach of implied covenant of good
faith and fair dealing, breach of contract, negligent infliction of
emotional distress, intentional infliction of emotional distress, fraud,
intentional interference with economic relations, slander of character
and reputation, and defamation of character and reputation.

(Complaint, ¶ 25).

## II.     Discussion

Defendants argue that all of Lyles' claims should be dismissed pursuant to Fed. R.

Civ. P. 12(b)(6), with the exception of his Title VII and Missouri Human Rights Act

("MHRA") employment discrimination claims against the District.  A Rule 12(b)(6)

motion to dismiss a complaint should only be granted if it appears beyond doubt that the

plaintiff can prove no set of facts which would entitle the plaintiff to relief.  *Conley v.*

*Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957); *Holden Farms, Inc. v. Hog Slat, Inc.*, 347

F.3d 1055, 1059 (8th Cir. 2003).

Under the federal notice pleading requirement, a plaintiff's complaint need only

contain "a short and plain statement of the claim showing that the pleader is entitled to

relief."  Fed. R. Civ. P. 8(a)(2).  And, a *pro se* plaintiff's complaint will be liberally

2

construed. *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (1996). However, "[e]ven the liberal standards of notice pleading require some factual allegations that state a cause of action and put a party on notice of the claim against it." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 699 (8th Cir. 2002); *see also Minnesota Pesticide Information and Education, Inc. v. Espy*, 29 F.3d 442, 444 n.2 (8th Cir. 1994) ("Even under notice pleading, a plaintiff is required to plead the basis for his action.").

In the "Background Facts" section of his Complaint, Lyles alleges that his employment with the District was illegally terminated and that he was not rehired or hired for other positions on account of his "race, sex, national origin, and color." (Complaint, ¶ 24). In paragraph 25 of his Complaint, Lyles asserts a panoply of causes of action ranging from unlawful discharge and civil conspiracy to intentional infliction of emotional distress and fraud. None of Lyle's facts support, or even relate to, any claim other than his race-based employment discrimination claims, his equal protection claim and his claim that Defendants denied him due process when they terminated his employment. Lyles appears to have simply listed every cause of action he could find, related to employment disputes.

The Court finds that, even under the liberal standards of notice pleading, Lyles has failed to allege facts that put Defendants on notice or has otherwise failed to state a claim as to the following causes of action:

(1) Retaliation – Other than listing "retaliation" in his laundry list of claims, Lyles has failed to allege any facts from which Defendants could surmise the basis for Lyles'

retaliation claim. Lyles has not alleged that he engaged in any protected activity that resulted in his employment's termination. He only alleges that his employment was terminated on account of his race, sex, national origin or color. Though Lyles need not plead a prima facie case, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992 (2002), he still must plead sufficient facts to show that he is entitled to relief. Lyles has failed to meet even this low threshold with respect to his retaliation claim.

(2) Civil Conspiracy and 42 U.S.C. § 1985 – Lyles has not alleged that anyone conspired against him. *See Perry v. Patriot Mfg., Inc.*, 2006 WL 2707361, *3 (E.D. Mo. 2006) ("A civil conspiracy is an agreement or understanding between two or more persons to do an unlawful act, or to use unlawful means to do an act which is lawful."); 42 U.S.C. § 1985 (prohibiting conspiracies to interfere with civil rights).

(3) Hostile Environment – Lyles has not alleged that a hostile environment existed at his place of employment.

(4) Pattern or Practice – A pattern or practice claim, by definition, "involve[s] more than one employee's allegations of discrimination." *Anyaibe v. Gilbert Security Service, Inc.*, 1995 WL 322452, * 5 (D.D.C. 1995). Mere occurrences of isolated or sporadic discriminatory acts do not amount to a pattern or practice of discriminatory behavior. *See generally International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 336, 97 S.Ct. 1843 (1977). Lyles has not alleged that Defendants discriminated against more than one individual. Liberally construing his Complaint, the Court finds that Lyles has alleged isolated and sporadic discriminatory acts that were committed only

4

against him (e.g., the termination of his employment and his inability to get re-hired).

Thus, Lyles has not stated a pattern or practice claim.

(5) Unlawful Discharge/Violation of Public Policy – Lyles has not alleged any

facts from which Defendants could determine that the termination of his employment

violated a public policy. *Boyle v. Vista Eyewear, Inc.*, 700 S.W.2d 859, 871 (Mo. 1985)

("The public policy exception . . . provides that an at-will employee who has been

discharged by an employer in violation of a clear mandate of public policy has a cause of

action against the employer for wrongful discharge.").

(6) Breach of Implied Covenant of Good Faith and Fair Dealing, Breach of

Contract and Intentional Interference with Economic Relations – Lyles has not alleged

that he had an employment contract with the Defendants. *Bishop v. Shelter Mut. Ins. Co.*,

129 S.W.3d 500, 506 (Mo. Ct. App. 2004) ("[T]he Missouri employment at-will doctrine

expressly prohibits any consideration of the implied covenant of good faith and fair

dealing (inherent in all contracts) when an employer is sued for terminating the

employee."); *Deutsche Financial Servs. Corp. v. BCS Ins. Co.*, 299 F.3d 692 (8th Cir.

2002) ("Under Missouri law, a claim for tortious interference with a contract or business

expectancy requires proof of . . . a contract or a valid business expectancy [and]

intentional interference by the defendant inducing or causing breach of the contract or

relationship." (additional factors omitted)).

(7) Negligent and Intentional Infliction of Emotional Distress – To state a cause of

action for negligent infliction of emotional distress under Missouri law, Lyles must plead

that (1) Defendants realized or should have realized that their conduct involved an unreasonable risk of causing distress, and (2) that Lyles suffered emotional distress or mental injury that is medically diagnosable and sufficiently severe to be medically significant. *Gordon v. City of Kansas City, Mo.*, 241 F.3d 997, 1004 (8th Cir. 2001). Lyles' Complaint does not allege emotional distress caused by Defendants that was medically diagnosable. For this reason, he does not state a claim for negligent infliction of emotional distress.

To state a cause of action for intentional infliction of emotional distress, Lyles must also allege emotional distress or injury that is medically diagnosable and significant. Because Lyles has failed to do so, his claim for intentional infliction of emotional distress must be dismissed as well. *See, Hendrix v. Wainwright,* 755 S.W.2d 411, 412 (Mo. App. 1988).

(8) Fraud – When alleging fraud, a plaintiff must plead "such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Schaller Telephone Co. v. Golden Sky Systems, Inc.*, 298 F.3d 736 (8th Cir. 2002). Lyles has not alleged that Defendants engaged in any fraudulent conduct. Paragraph 15 of Lyles' Complaint reads in part: "Defendant Laffey stated that if Plaintiff resigned from the position, Plaintiff could apply for the vacant position and possibly be rehired in the position." Lyles alleges no other representations by Defendants and does not allege that Defendants obtained

6

anything from these representations.  He has therefore failed to state a claim for fraud with sufficient particularity.

(9) Slander and Defamation of Character and Reputation – In his Complaint, Lyles does not identify any instance when he was slandered or defamed by Defendants. Accordingly, Lyles has not put Defendants on notice of his slander and defamation of character and reputation claims.

(10) All Claims Pertaining to Discriminatory Treatment on Account of Lyles' Sex, National Origin and Color – In his Complaint, Lyles states that Defendants have engaged in discriminatory employment practices on the basis of Lyles' race, sex, national origin and color.  (Complaint, ¶ 24).  Lyles, however, does not identify any action by Defendants that would support a claim that Defendants discriminated against him on the basis of his sex or national origin.  Accordingly, Lyles' has not satisfied his notice pleading requirements with respect to any Title VII cause of action other than one based on his race.

The Court finds that Lyles has satisfied his notice pleading requirements with respect to his procedural[1] due process claim[2] under § 1983, for not affording Lyles a hearing prior to terminating his employment.  He has also satisfied the notice pleading

_____

[1] Lyles does not indicate whether his due process claim is procedural or substantive.  Because Lyles does not allege any behavior that was so arbitrary or conscience-shocking as to violate substantive due process, the Court interprets his claim as one based on procedural due process. *Danzig*, 2006 WL 3825288, \*3.

[2] Lyles has alleged that his employment was terminated "without notice or warning." (Complaint, ¶ 14).

7

requirements for his § 1983, Title VII, § 1981 and MHRA race-based employment discrimination claims.  Specifically, Lyles has stated a § 1983 claim because he claims that, on account of his race, his employment was terminated and he was not re-hired in violation of his constitutional right to equal protection.  In addition, Lyles has stated claims for discriminatory discharge and failure to hire under Title VII, § 1981 and the MHRA.  Lyles is permitted to bring his Title VII and § 1983 claims even though the claims rely on the same factual basis.  *Mummelthie v. City of Mason City, Iowa*, 873 F.Supp. 1293, 1322 (N.D. Iowa 1995) ("It is not a distinct factual basis for the Title VII and § 1983 claims which permits a plaintiff to pursue both, but the violation of rights secured by different sources, Title VII's own provisions and the constitution.").

Of the remaining claims, Defendants argue that Lyles has failed to state a claim under Title VII against the individual defendants.  The Court agrees, as it is well settled that supervisors may not be held individually liable for Title VII violations.  *Bales v. Wal-Mart Stores, Inc.*, 143 F.3d 1103, 1111 (8th Cir. 1998).  Therefore, Lyles' Title VII causes of action against the individual defendants are dismissed.

## III.    Conclusion

Accordingly, it is hereby

ORDERED that Defendants' Motion For Partial Dismissal [Doc. # 14] is GRANTED IN PART.  Lyles' causes of action are dismissed, with the exception of the following: (1) discriminatory discharge under Title VII, 42 U.S.C. § 1981 and the MHRA against the District; (2) failure to hire under Title VII, 42 U.S.C. § 1981 and the MHRA

8

against the District; (3) discriminatory discharge under 42 U.S.C. § 1981 and the MHRA

against the individual defendants; (4) failure to hire under 42 U.S.C. § 1981 and the

MHRA against the individual defendants; (5) denial of his constitutional right to equal

protection under 42 U.S.C. § 1983 against all defendants; and (6) denial of procedural due

process under 42 U.S.C. § 1983 against all defendants for not affording him a hearing

prior to terminating his employment.  Defendants Motion for More Definite Statement is

DENIED.

 s/ NANETTE K. LAUGHREY
NANETTE K. LAUGHREY
United States District Judge

Dated:   May 18, 2007
Jefferson City, Missouri