IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SIDNEY LYLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 06-4253-CV-C-NKL |
| COLUMBIA PUBLIC SCHOOL DISTRICT, | ) |
| DR. PHYLLIS CHASE, | ) |
| DR. MARY LAFFEY, | ) |
| and DEBRA BARKSDALE, | ) |
| | ) |
| Defendants. | ) |

## ORDER OF DISMISSAL WITH PREJUDICE

On April 6, 2007 defendants served written discovery consisting of interrogatories and requests for production on plaintiff. On May 9, 2007, the deadline for plaintiff's responses to defendants' discovery, plaintiff filed a motion for extension of time to respond to the discovery. On May 15, 2007, the Court entered an order denying plaintiff's motion for extension of time. On May 18, 2007, counsel for defendants wrote to plaintiff requesting that plaintiff contact counsel for defendants by telephone to discuss how plaintiff might respond to defendants' written discovery. Counsel for defendants also attempted to contact plaintiff by telephone during the week of May 28, but plaintiff did not respond to a message left on his answering machine.

At defendants' request, the Court scheduled a telephone conference for June 6, 2007 at 1:45 p.m. to address plaintiff's failure to respond to discovery. The parties were instructed to fax to the Court a one-page summary of the discovery dispute twenty-four hours in advance of the teleconference. On June 1, 2007 defendants faxed their summary of the dispute to the Court, requesting an order from the Court compelling plaintiff to respond to defendants' written discovery or, in the alternative, to dismiss

plaintiff's complaint in its entirety due to plaintiff's failure to comply with the Federal Rules of Civil Procedure.

On June 5, 2007 plaintiff contacted the Court and requested that the June 6, 2007 teleconference be rescheduled due to a conflict in plaintiff's schedule. On that same date, the Court entered an order rescheduling the teleconference to June 13, 2007 at 3:30 p.m. The parties were again instructed to contact the Court to advise it of the phone number where they could be reached for the conference and to fax to the Court their one-page summary of the discovery dispute if they had not already done so. In its order resetting the teleconference to June 13, 2007, the Court informed plaintiff that no further extensions would be granted and that if plaintiff failed to participate in the scheduled telephone conference his case would be dismissed for failure to comply with discovery requests submitted by the defendants. The Court's file reflects that the certified mail correspondence to plaintiff enclosing the Court's June 5, 2007 order re-setting the teleconference with the warning of dismissal was received at the address given by plaintiff to the Court on June 7, 2007. The Court also sent the notice by regular mail and it was not received back.

Despite the Court's warning, plaintiff did not send the Court a summary of the discovery dispute at any time before the teleconference, nor did plaintiff advise the Court of the telephone number where he could be reached.

On June 13, 2007, at 3:30 p.m. the Court attempted to contact plaintiff at the telephone number of record in the Court's file. Plaintiff failed to answer the telephone call. The Court and counsel for defendants conducted the scheduled teleconference in plaintiff's absence.

2

On June 19, 2007, the Court was finally able to locate the plaintiff and a phone conference was held to discuss plaintiff's failure to respond to defendant's discovery requests and to cooperate in the discovery process as ordered by the Court. After receiving notice of the phone conference, plaintiff filed Motion to Stay Proceedings Until Defendants Comply with Discovery (Doc. 41). During the phone conference plaintiff was unable to explain why he did not respond to defendant's discovery. He was unable to identify any written discovery that he had served on the defendants. The Court finds that plaintiff has intentionally failed to communicate with defendant's counsel as ordered by the Court.

By way of further background, the Court notes that on March 30, 2007 a teleconference was held between the Court, counsel for defendants and plaintiff. At that time the Court informed plaintiff that failure to communicate with counsel for defendants could result in dismissal of his case for failure to comply with the rules. Counsel for defendants also informed the Court that plaintiff had not made his mandatory Rule 26 disclosures and that counsel had not been successful in efforts to communicate with Mr. Lyles. The Court ordered Mr. Lyles to identify the names, addresses, and telephone numbers of persons having information regarding his claims or defenses and to disclose any document or tangible evidence he possessed relating to his claims or defenses on or before April 9, 2007. Upon plaintiff's request for appointment of counsel, the Court instructed plaintiff that he should file a motion to that effect with the Court. However, plaintiff has not filed any such motion with the Court.

3

Fed.R.Civ.P. 37(b)(2)(C) and 37(d) collectively grant the Court authority and discretion to dismiss plaintiff's action due to his failure to serve answers or objections to interrogatories or to serve a written response to defendants' request for production. Dismissal of a party's action is also warranted if a party fails to obey an order entered under Rule 26(f). Fed.R.Civ.P. 37(b)(2)(C). "Pro se litigants are not excused from complying with court orders or substantive and procedural law." Farnsworth v. City of Kansas City, 863 F.2d 33, 34 (8th Cir. 1988) (per curiam). Dismissal of a pro se plaintiff's action for failure to answer interrogatories is warranted under appropriate circumstances. Anderson v. Home Insurance Company, 724 F.2d 82, 84 (8th Cir. 1984). In Anderson, plaintiff failed to timely answer interrogatories served upon him by defendant. The District Court ordered Anderson to answer under Fed.R.Civ.P. 37(a). After a month without response from plaintiff and four months after the filing of the interrogatories, the district court dismissed the pro se plaintiff's complaint with prejudice pursuant to Fed.R.Civ.P. 37(b)(2)(C) for failure to comply with its order. A dismissal with prejudice for failure to comply with discovery rules is an extreme sanction, reserved for willful or bad faith default. Anderson, 724 F.2d at 84. The Eighth Circuit has determined that a deliberate default suffices, which includes failure to respond to discovery requests, even with extensions, and failure to provide full information after a court order. Id., citing Lorin v. Goto & Co., Ltd., 700 F.2d 1202, 1208 (8th Cir. 1983). Where a court gives meaningful notice of what is expected of pro se litigants, initially imposes less stringent sanctions when plaintiffs fail to cooperate, and warns them that their failure to comply with subsequent court orders would result in "dismissal of their action", dismissal is proper. Farnsworth, 863 F.2d at 34 (per curiam).

4

An action may also be dismissed pursuant to Rule 41(b) if a plaintiff has failed to comply with any order of the court. Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994) (dismissal appropriate where pro se civil rights plaintiff willfully disregarded court's order allowing defendants to depose him). In Aziz, as the court did in this case, the magistrate judge informed plaintiff that he would recommend dismissal due to the plaintiff's conduct at his first deposition. Id. Given plaintiff's record of conduct in failing to cooperate in discovery and disregard of this Court's orders, it is difficult to construe plaintiff's conduct as anything but willful disregard of a Court order. See First General Resources Company v. Elton Leather Corp., 958 F.2d 204, 206 (8th Cir. 1992) (per curiam) (Rule 41(b) dismissal proper after court warned party of consequence for failure to engage in discovery).

In this case, plaintiff has been warned by the Court on two prior occasions of his duty to cooperate with defendants in discovery and to obey the Court's order on discovery issues. Plaintiff is obviously intelligent and the Court is convinced that he fully understands what he was required to do. Plaintiff's failure to respond to defendants' discovery requests, failure to provide this Court with an explanation for his actions, failure to cooperate in discovery, his willful disregard of this Court's order to make himself available for a telephone conference and his last minute attempt to stay the action for defendant to comply with discovery when he admits he has not served any written discovery on the defendant, leads the Court to conclude that the plaintiff is using this litigation to harass the defendants and is not pursuing this litigation in good faith. Although dismissal of an action is an extreme sanction, it is warranted in this case. Accordingly, it is hereby

5

**ORDERED, ADJUDGED AND DECREED** that plaintiff's complaint is dismissed, with prejudice, at plaintiff's cost.

                                         s/  NANETTE K. LAUGHREY
                                         The Honorable Nanette K. Laughrey
                                         United States District Judge


Dated: June 21, 2007

6