IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SIDNEY LYLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-4253-CV-C-NKL |
| ) | |
| COLUMBIA PUBLIC SCHOOL ) | |
| DISTRICT, ET. AL., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

On June 21, 2007, this Court dismissed *pro se* Plaintiff Sidney Lyles's ("Plaintiff") action against Defendants Columbia Public School District, Phyllis A. Chase, Mary A. Laffey and Debby Barksdale (collectively, "Defendants") with prejudice. This Court dismissed Plaintiff's action due to failure to attend discovery conferences, failure to respond to discovery orders, failure to comply with the Federal Rules of Civil Procedure and failure to provide reasonable justifications for his continuing disregard for pretrial procedures. Plaintiff now petitions this Court for Reconsideration of that Order. For the reasons stated below, the Motion will be denied.

The Court understands Plaintiff's Motion as a request for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure. This rule provides relief to a party adversely affected by a judgment based upon mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, etc.

First, Plaintiff alleges that he has complied with discovery orders and attended scheduled discovery conferences except where he had no "knowledge or expectation" of the conference. (Motion for Reconsideration, ¶ 3). The Court's file establishes that certified mail correspondence to Plaintiff enclosing the Court's June 5, 2007 order setting the discovery teleconference with the warning of dismissal was received at the Plaintiff's address. In addition, he was generally sent notice by regular mail which was not returned. Nonetheless, the Plaintiff failed to attend many of the teleconferences requiring them to be reset. Mr. Lyles's pattern of behavior and conduct during the phone conference clearly indicated he was intentionally not responding to the Court's orders and needlessly complicated the progress of his case.

Second, Plaintiff belatedly argues that Defendants sought to discover information that is protected by the application of various unexplained privileges and that their requests are "categorically prohibited by the rules of discovery." (Motion for Reconsideration, ¶¶ 12, 13). Even if the listed privileges do apply, they do not justify Plaintiff's failure to comply with the Court's discovery orders. The Plaintiff had numerous opportunities to object to the Defendant's discovery requests and clearly understood how to make an objection. He did so repeatedly.

Third, Plaintiff argues that it is improper for the Court to dismiss an action for Plaintiff's noncompliance with a discovery order where the Plaintiff convinced the Court that a good faith effort was made to comply. (Motion for Reconsideration, ¶ 22). No such good faith effort has been shown by the Plaintiff. In fact, the Court dismissed his

2

case for failure to comply with the Court's order because both the Court and the Defendant tried to get the Plaintiff to comply with discovery and he simply refused to do so, even though he had sufficient ability to do so.

The Plaintiff has failed to show that there is any basis under Rule 60 to grant relief from this Court's Order of Dismissal.

Accordingly, the Plaintiffs' Motion for Reconsideration of the Order of Dismissal filed June 21, 2007 [Doc. 46], is DENIED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: August 16, 2007  
Jefferson City, Missouri