IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| SIDNEY LYLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-4253-CV-C-NKL |
| | ) | |
| COLUMBIA PUBLIC SCHOOL | ) | |
| DISTRICT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Pending before the Court is Plaintiff's Motion for Leave to File *In Forma Pauperis* [Doc. # 90]. Because Plaintiff cannot satisfy the requirements set forth in 28 U.S.C. § 1915, Plaintiff's motion will be denied.

Pursuant to 28 U.S.C. § 1915(a), this Court may authorize commencement of a suit without prepayment of fees. The statute specifically provides that a court "may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit . . . that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The district court follows a two-step process in considering whether the applicant should be permitted to proceed *in forma pauperis*. First, the Court must determine whether the applicant qualifies by economic status under § 1915(a). *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). Second, the Court must determine whether the cause of action stated in the complaint is

1

frivolous or malicious. 28 U.S.C. § 1915(e)(2); *see also Martin-Trigona*, 691 F.2d at 857.

The opportunity to proceed *in forma pauperis* is a privilege rather than a right, and should not be used to abuse the court's process. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify under § 1915 rests within the sound discretion of the trial court. *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983), *cert. denied*, 466 U.S. 980 (1984). A showing of poverty is sufficient if the applicant would be forced to give up the basic necessities of life if required to pay the costs of the lawsuit. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also* Local Rule 83.7.

Plaintiff originally provided the Court with an unverified affidavit detailing his financial resources and standing. Plaintiff is unemployed and has no real property, an automobile he values at approximately $3,000 and personal property he values at approximately $5,000 (Lyles Decl. ¶¶ 13-14). Plaintiff's affidavit and petition remain defective as noted in this Court's order of November 13, 2006. Plaintiff signed the affidavit but failed to have it verified by a notary public. Section 1915 requires the *in forma pauperis* applicant to "[submit] an affidavit that includes a statement of all assets." 28 U.S.C. § 1915(a)(1). By definition, an affidavit is "a statement reduced to writing and the truth of which is *sworn* to before someone who is authorized to administer an oath." *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (emphasis in original) (citation omitted). Thus, Plaintiff has failed to submit a verified affidavit for the Court to consider.

Second, even if Plaintiff had submitted a proper affidavit, this Court has previously ruled that he has abused the judicial process [Doc. # 44] and this suit is meant to perpetuate that abuse. Because the Plaintiff is trying to "abuse the process of the courts" his petition to proceed *in forma pauperis* may be denied by the trial court. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). For these reasons, the Court concludes that Plaintiff has not satisfied the first or second requirements under 28 U.S.C. § 1915(a). Plaintiff's Motion for Leave to File *In Forma Pauperis* [Doc. # 90] is DENIED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: December 10, 2007  
Jefferson City, Missouri

3